TRUJILLO, APPELLANT, *v.* REGISTRAR OF AGUADILLA, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Cancelation.

No. 387.—Decided December 23, 1918.

RECORD OF TITLE—CANCELATION OF LIEN—COMMUNITY PROPERTY.—In this case José Trujillo Pizá, as attorney in fact of Juan Trujillo Torruella and his wife, executed a deed of partial cancelation of a mortgage credit created in favor of his principal. Said deed having been presented in the registry, the registrar refused to record the cancelation on the ground that the power of attorney contained no plain and express authorization to cancel liens belonging to the conjugal partnership. *Held:* That the power of attorney gives the agent the necessary power and that the record should be made.

The facts are stated in the opinion.
*Mr. Gilberto López de Victoria* for the appellant.
The respondent did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Juan Trujillo y Torruella, as attorney in fact of the spouses José Trujillo y Pizá and Dolores Costa y Roca, appeared before a notary and executed a deed of partial cancelation of a certain mortgage created in favor of his principal, José Trujillo y Pizá. The deed was presented in the registry and the registrar refused to record it because "it appeared that the power of attorney given by José Trujillo y Pizá and Dolores Costa y Roca to Juan Trujillo y Torruella does not clearly and expressly authorize the cancelation of liens belonging to the conjugal partnership." The registrar further assigned "the curable defect of failure to exhibit the mortgage deed with an endorsement of its admission to record."

Trujillo appealed from that decision to this court and in due time filed a brief in which he makes no reference to the curable defect assigned.

The power of attorney under which the appellant acted was executed by the spouses Trujillo-Costa in Palma de Mallorca, Spain, before Notary Mateo Jaime y Servera. It is very long and we shall transcribe only the essential parts. The wife declared that "she freely and voluntarily consents and authorizes her said husband, José Trujillo y Pizá, and empowers both him and her stepson, Juan Trujillo y Torruella of age, single, farmer, resident of the Island of Porto Rico, jointly or severally to sell, grant, exchange and in any other way alienate all or any of the properties, real or personal, rights, interests and credits which the said José Trujillo now has and may have in the future, wherever situated and whether acquired before or after his marriage,    *    *    *    accepting, creating and canceling any mortgages.    *    *    *    " And the husband stated later that "with the authorization conferred by his said wife he grants    *    *    *    to his said son, Juan Trujillo y Torruella, the fullest and most absolute power to    *    *    *    sell, grant, exchange and in any other way alienate, any prop-

erty, personal or real, rights, interests and credits, present and future, belonging to the principal, to any person at prices payable either in cash or on time, with mortgage or other securities, which he may cancel at the proper time  *    *    *; to demand and collect amounts due or to become due to the principal on whatever account, and to cancel in whole or in part the securities that may have been created in his favor.''

There is no doubt that the power of attorney might have been clearer, but we are of the opinion that it is sufficient as it is. The mortgage credit which was canceled in part was created after the power of attorney was given, and originated as follows: The firm of Solivellas & Company received from Juan Trujillo, as attorney in fact of José Trujillo y Pizá, a loan of $19,000, payable with interest in instalments, and in order to secure the loan they mortgaged two properties to said José Trujillo y Pizá. Juan Trujillo received the first instalment and executed the deed of partial cancelation referred to. The mortgage credit was therefore a property acquired by Pizá after his marriage, presumably community property, and, as we have seen, the wife refers to this class of property in the power executed by her. If the property involved belonged to the husband separately the consent of the wife would have been unnecessary. The words used by José Trujillo y Pizá are general and unmistakably cover all of his property.

The decision appealed from should be reversed and the record ordered as solicited, subject to the curable defect assigned by the registrar.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.